## Second Department, November, 1929.

In the Matter of the Application of HENRY F. L. MILSTREY and INEZ EMILY MULLIGAN for the Payment of Award for Damage Parcel Number 4 on the Damage Map and in the Decree of the Court in the Proceeding to Acquire Title of the City of New York to Certain Lands and Premises Situate on the Southerly Side of Stafford Avenue, between Kessel and Juno Streets, West of Forest Hills Gardens, Borough of Queens, Duly Selected for School Purposes According to Law.— Upon consent, motion for commission to take deposition granted. Order signed. Present — Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ.

MARIE LIEBERA COMMISSA (Also Known as MARIA LIBERA CAMMISA), Respondent, v. ANGELO FASTIGGI, Appellant.— Order of the County Court of Westchester county, setting aside verdict upon condition, modified by limiting the setting aside thereof and the granting of a new trial to defendant's counterclaim, and as so modified affirmed, without costs. Lazansky, P. J., Seeger and Scudder, JJ., concur; Rich and Kapper, JJ., dissent and vote to reverse order and reinstate verdict.

CHAUNCEY A. DELEVANTE, Respondent, v. DOLLY M. MACPHERSON and HUBERT B. STOKES, Appellants.— Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs. The action was brought to recover for services under a contract. The defendants pleaded as a separate defense an accord and satisfaction, in that plaintiff accepted and received preferred stock in the defendants' company in full satisfaction and discharge of plaintiff's claim. This defense was replied to and denied. Plaintiff's pleadings make no claim that the accord and satisfaction was obtained by fraud and plaintiff does not ask the rescission of the contract. Upon the trial it was shown, and the court found, that plaintiff had accepted preferred stock in satisfaction of his claim as pleaded by defendants. Plaintiff cannot recover upon such pleadings. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Kapper, Hagarty, Seeger and Carswell, JJ., concur; Lazansky, P. J., concurs in result. Settle order on notice.

CHAUNCEY A. DELEVANTE, Respondent, v. MAC STONE STUCCO COMPANY, INC., Appellant.— Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs. The trial court found a net profit of the business amounting to $18,182.91 after deducting salaries paid, amounting to $10,400, which the court found defendant was not entitled to deduct. This was error. These salaries were a legitimate expense of the business and were properly deductible in ascertaining the amount of net profits. Accordingly the net profits were $7,782.91, of which respondent was entitled to twenty per cent, amounting to $1,556.58, to which should be added the sum of $54 for doubtful accounts and bags collected, making a total of $1,610.58, on account of which plaintiff received advancements amounting to $2,333.43, an overpayment of $722.85. As appellant on this appeal asks only for the dismissal of the complaint, judgment on the counterclaim is not granted. Findings and conclusions inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ., concur. Settle order on notice.